**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LUIS RUIZ,

                Petitioner,

v.

SUPERINTENDENT,

                Respondent.

9:18-CV-1129
(MAD/CFH)

---

**APPEARANCES:**

LUIS RUIZ
Petitioner pro se
11-A-5624
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
The Capitol
Albany, New York 12224

**OF COUNSEL:**

PRISCILLA I. STEWARD, ESQ.
Assistant Attorney General

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**DECISION & ORDER**

**I. INTRODUCTION**

Petitioner pro se Luis Ruiz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On March 7, 2019, respondent filed an answer to the petition, as well as a memorandum of law in support and relevant state court records. Dkt. No. 12, Answer; Dkt. No. 12-1, Respondent's Memorandum of Law ("R. Mem."); Dkt. Nos. 13-14, State Court Records.

On April 1, 2019, petitioner filed a motion to stay the case. Dkt. No. 16. On April 15, 2019, respondent opposed petitioner's motion. Dkt. No. 18. Petitioner then filed a reply. Dkt. No. 19.[1] Presently pending before the Court is petitioner's motion to stay the case. Dkt. No. 16. For the reasons which follow, the motion is denied.

## II. PENDING HABEAS PETITION

Petitioner challenges a 2011 judgment of conviction in Rensselaer County, upon a jury verdict, of four counts of first degree criminal use of a firearm, three counts of first degree robbery, three counts of second degree menacing, first degree burglary, first degree attempted robbery, second degree criminal use of a firearm, and petit larceny. Pet. at 1-2; *see also People v. Ruiz*, 148 A.D.3d 1212, 1213 (N.Y. App. Div. 2017).[2] The New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction and, on October 20, 2017, the New York State Court of Appeals denied leave to appeal. *Ruiz*, 148 A.D.3d at 1216, *lv. denied,* 30 N.Y.3d 983 (2017); *see also* Pet. at 2-3.

Petitioner contends that he is entitled to federal habeas relief because (1) "[t]he trial court erred in denying [petitioner's] . . . motion to sever [the] charges which were improperly going in[to his criminal] . . . indictment[,]" (Pet. at 5-7) (2) the trial court erred in failing to suppress witness identifications procured from an unduly suggestive photo array (*Id.* at 7-8); (3) portions of petitioner's conviction were not supported by legally sufficient evidence (*Id.* at

---

[1] The Local Rules indicate that "[r]eply papers . . . are not permitted without the Court's prior permission." N.D.N.Y.L.R. 7.1(b)(2). Petitioner did not acquire the requisite permission prior to filing said reply. However, given the special solicitude granted to pro se litigants, the Court had reviewed and considered the submission despite its improper filing.

[2] Citations to the petition, respondent's memorandum of law, petitioner's motion to stay, and respondent's opposition to said motion refer to the pagination generated by CM/ECF, the Court's electronic filing system.

8-10); and (4) prosecutorial misconduct during summations violated petitioner's right to a fair trial (*Id.* at 10). For a more complete statement of petitioner's claims, reference is made to the petition.

### III. MOTION TO STAY

Petitioner has filed the pending motion in response to respondent's answer which "declare[s] that [petitioner's] writ content is unpreserved[.]" Dkt. No. 16 at 1. Liberally construing petitioner's submission, it appears petitioner seeks to file a motion to vacate his conviction, pursuant to Criminal Procedure Law §440.10 ("440 motion"), to exhaust a new claim of ineffective assistance of counsel. *Id.* at 2. Further, petitioner contends that his lack of college education and legal training constitute good cause for granting the present motion. *Id.* Petitioner's reply also asserts that "good cause can be shown . . . based upon newly decided case law." Dkt. No. 19 at 1.

In opposition to petitioner's motion, respondent argues that a stay is inappropriate for several reasons. First, petitioner has not established good cause for failing to exhaust his state court remedies because (1) petitioner has neglected to provide any explanation for the delay between his knowledge about counsel's failure to preserve the prosecutorial misconduct claim and his initiation of any 440 motion and (2) petitioner's ignorance of the law and legal procedures is insufficient to satisfy the requisite standard. *Id.* at 2. Second, respondent contends the stay should be denied because petitioner's claims are meritless. *Id.* at 2-3.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction

3

over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).[3]

Assuming petitioner's assertions are correct and he satisfied the first prong of this test – establishing a mixed petition – petitioner has still failed to demonstrate a stay is warranted. Dkt. No. 19 at 1. Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277.

Petitioner argues that the state prosecutor made improper comments during summation which denied him a fair trial. Pet. at 10. The Third Department denied petitioner's direct appeal of that claim, noting that petitioner "concede[d] that he failed to object to allegedly improper comments made by the People in their summation . . . ." *Ruiz*, 148 A.D.3d at 1216. Respondent then argued, in the presently pending habeas action, that

---

[3] All unpublished decisions cited by the Court have been provided to petitioner.

habeas review of that claim was barred due to am independent and adequate state law ground. R. Mem. at 22-27. It was the failure of petitioner's trial counsel to contemporaneously object to the prosecutor's summation comments that, it appears, petitioner now categorizes as ineffective assistance of counsel which must be exhausted via a 440 motion. Dkt. No. 16 at 2. However, petitioner had knowledge of the ineffective assistance of counsel claim, at the earliest, in 2014, when his counseled appellate brief was filed and, at the latest, on March 1, 2017, when the Third Department rendered its decision. Dkt. No. 18 at 2; *Ruiz*, 148 A.D.3d 1212. Accordingly, the factual basis underlying this claim is not elusive and was known to petitioner, at the latest, at the conclusion of his direct appeal. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Further, petitioner has not ever alleged confusion, let alone reasonable confusion, regarding how exhaustion of his state claims worked. Petitioner also failed to proffer any reason why, after discovering the factual predicate required for his ineffective assistance of counsel claim, he waited years to commence a 440 action.[4] The absence of any explanation for why petitioner failed to exhaust his claims is fatal to his motion. *See McCrae v. Artus*, No. 1:10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (denying motion to stay where, "[e]ven assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient for failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or *coram nobis* petition.").

---

[4] It is still unclear to the Court whether petitioner has actually initiated a 440 action in state court. *Compare* Dkt. No. 18 at 2 ("The County Court and the County Clerk's Office have informed respondent that petitioner has never filed any CPL §440.10 motion with the Court. Likewise, the Rensselaer County District Attorney's Office has informed respondent that it was not served with a motion from petitioner.") *with* DKt. No. 19 ("The CPL 440 was filed as soon as I was capable to do so. It is currently on the Rensselear County Court Docket.").

Moreover, petitioner has not shown any objective factor that was responsible for his failure to previously exhaust. "Districts courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted). As respondent correctly notes, petitioner's arguments that his lack of higher education and unfamiliarity with the legal system should excuse his failure to exhaust are meritless. Dkt. No. 16 at 2; Dkt. No. 18 at 2. Petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402, at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .]"). Moreover, petitioner's conclusory assertions that an unidentified change in case law now provides previously unavailable relief are similarly unpersuasive.

Finally, this Court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider respondent's arguments that petitioner's claims are plainly meritless. Accordingly, based on

the foregoing, petitioner's motion to stay is denied.

### VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** ,that petitioner's motion to stay this action (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision & Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: April 23, 2019
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge