**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

LUIS RUIZ,

       Petitioner,

 v.              9:18-CV-1129
                (MAD/CFH)
SUPERINTENDENT,

       Respondent.

---

**APPEARANCES:**            **OF COUNSEL:**

LUIS RUIZ
11-A-5624
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Petitioner pro se

HON. LETITIA JAMES         PRISCILLA I. STEWARD, ESQ.
New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for Respondent

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## DECISION & ORDER

### I. Introduction

  Petitioner Luis Ruiz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On March 7, 2019, respondent filed an answer to the petition, as well as a memorandum of law in support of said response and relevant state court records. Dkt. No. 12, Answer; Dkt. No. 12-1, Respondent's Memorandum of Law ("R. Mem."); Dkt. Nos. 13-14, State Court Records.

On April 1, 2019, petitioner filed a motion to stay the case. Dkt. No. 16. Respondent opposed the motion. Dkt. No. 18. Petitioner filed a reply. Dkt. No. 19.[1] On April 24, 2019, the Court denied petitioner's motion finding that petitioner had failed to establish good cause for not presenting all of his claims in state court prior to filing the instant petition. Dkt. No. 20, Decision and Order dated 04/24/19 ("April Order").

On April 30, 2019, the Court received petitioner's request for reconsideration of the April Order. Dkt. No. 24. In support of his motion, petitioner argues that (1) respondent misled the Court about the date his 440 motion was filed with county court, and (2) a "newly decided case" from 2018, which holds that "one fatal error made by trial counsel was so serious it prejudiced defendant's right to a fair trial and effective assistance of counsel" warrants the presently requested relief. *Id.* at 1.

Respondent opposes petitioner's motion. Dkt. No. 25. Respondent argues that he did not erroneously inform the Court about the status of petitioner's 440 motion. *Id.* at 2. Further, respondent asserts that petitioner has still not provided good cause for his failure to present his ineffective assistance of counsel claim earlier as his arguments of new case law are unpersuasive. *Id.* First, the case is unidentified. *Id.* Second, the principle is not new. *Id.* (citing *People v. Turner*, 5 N.Y.3d 476, 480 (2005), *Murray v. Carrier*, 477 U.S. 478, 496 (1986) for the universally accepted proposition that "there may be cases in which a single failing in an otherwise competent performance is so 'egregious and prejudicial' as to deprive a defendant of his constitutional right.").

---

[1] Petitioner also filed a submission in support of his reply, Dkt. No. 21, which the Court received after issuing its April Order, Dkt. No. 22. The Court considered the submission and deemed it insufficient to entitle petitioner to a different result. Dkt. No. 22.

2

## II. Discussion

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007). The rules for reconsideration are strictly construed "to avoid repetitive arguments on issues that have been fully considered by the Court." *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001) (internal quotation marks omitted).

Here, petitioner has failed to establish that reconsideration is warranted. Petitioner's reliance on the importance of the date his 440 motion was filed is misplaced. The specific date was immaterial to the Court's decision. The Court focused on the delay of years in between the discovery of the underlying factual predicate and the timing of the 440 action, and the absence of any explanation for why that delay occurred, as the basis for denying the stay. April Order at 4-5. Accordingly, identifying the precise date of filing does not impact the Court's stated reasoning for denying said motion.

Moreover, although the unidentified case which petitioner found may have been newly decided, the legal principle which it espouses is not. Respondent is correct in its assertion

that both state and federal courts have long recognized that an attorney's representation can be rendered constitutionally infirm by one egregious failing. *See e.g., Turner*, 5 N.Y.3d at 480 (citing *People v. Caban*, 5 N.Y.3d 143, 152 (2005) and *Murray*, 477 U.S. at 496); *accord. Rosario v. Ercole*, 601 F.3d 119, 124 (2d Cir. 2010) ("A single error by otherwise competent counsel may meet this standard if that error compromised the integrity of the trial as a whole."). Accordingly, petitioner's categorization of this well established legal principle as a new controlling decision is incorrect. Thus, this argument is also insufficient to overcome the strict standard required to grant reconsideration.

In sum, petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's April Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with the Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision denying petitioner's request to stay the state court proceedings is denied.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion for reconsideration (Dkt. No. 24) is **DENIED WITH PREJUDICE**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on petitioner

in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 23, 2019
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge