**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LUIS RUIZ,

Petitioner,

v.

9:18-CV-1129
(MAD/CFH)

SUPERINTENDENT,

Respondent.

---

**APPEARANCES:** **OF COUNSEL:**

LUIS RUIZ
Petitioner pro se
11-A-5624
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
The Capitol
Albany, New York 12224

PRISCILLA I. STEWARD, ESQ.
Ass't Attorney General

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Petitioner Luis Ruiz sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner challenged a 2011 judgment of conviction in Rensselaer County, upon a jury verdict, of four counts of first degree criminal use of a firearm, three counts of first degree robbery, three counts of second degree menacing, first degree burglary, first degree attempted robbery, second degree criminal use of a firearm, and petit

larceny. Pet. at 1-2; *see also People v. Ruiz*, 148 A.D.3d 1212, 1213 (3rd Dep't 2017).[1]

Petitioner argued that he was entitled to federal habeas relief because (1) "[t]he trial court erred in denying [petitioner's] . . . motion to sever [the] charges which were improperly going in[to his criminal] . . . indictment[,]" Pet. at 5-7; (2) the trial court erred in failing to suppress witness identifications procured from an unduly suggestive photo array, *id.* at 7-8; (3) portions of petitioner's conviction were not supported by legally-sufficient evidence, *id.* at 8-10; and (4) prosecutorial misconduct during summations violated petitioner's right to a fair trial, *id.* at 10. Respondent opposed the petition. Dkt. No. 12, Answer; Dkt. No. 12-1, Respondent's Memorandum of Law ("R. Mem."); Dkt. Nos. 13-14, State Court Records.

In the process of deciding the petition, the Court checked the New York State Department of Corrections and Community Supervision ("DOCCS") website. It indicated that petitioner was deceased as of February 1, 2021. *See* New York State DOCCS, Inmate Population Information Search for Inmate "Luis Ruiz" and DIN "11-A-5624", *available at* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited January 11, 2022).

Although it was in an unpublished decision, the Second Circuit dismissed a case as moot where a petitioner died while the appeal of the district court's decision denying his habeas petition was pending. *Bumpus v. Warden, Clinton Corr. Facility*, 426 F. App'x 21, 22 (2d Cir. 2011) (summary order). This Court, as well as others in the Circuit, have taken similar action – dismissing habeas petitions as moot where the petitioner dies before the district court issues its decision. *See Grant v. Gonyea*, No. 1:18-CV-7720, 2021 WL

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1422811, at *1 (S.D.N.Y. Mar. 8, 2021); *Hoppe v. Griffin*, No. 9:17-CV-0170 (JKS), 2019 WL 227388, at *3-*4 (N.D.N.Y. Jan. 16, 2019); *Muller v. Hofmann*, No. 1:06-CV-0118, 2006 WL 3526921, at *1 (D.Vt. Dec. 5, 2006). Further, as noted by the Southern District of New York in the *Grant* decision, "[e]very Court of Appeals that has had occasion to address this issue has held that a habeas petition is mooted by a petitioner's death." 2021 WL 1422811, at *1 (citing decisions from the 3d, 5th, 7th, 8th, and 11th Circuits).

These holdings are consistent with the spirit of the mootness doctrine. "Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'" *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III[.]" *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

A habeas petition represents the sole legal remedy for a state prisoner seeking to challenge the fact or duration of his imprisonment and requesting immediate or expedited release therefrom. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 500 (1973). Petitioner's death has terminated his period of incarceration. Further, the Court is no longer able to provide petitioner with the relief he sought – his immediate release. Therefore, consistent with the Second Circuit and other aforementioned decisions, the petition should be dismissed.

**WHEREFORE**, it is hereby

**RECOMMENDED,** that the petition, Dkt. No. 1, be **DISMISSED** as moot; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[2] and it is further

**RECOMMENDED**, that any further request for a Certificate of Appealability be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 11, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

[2] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).