UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUIS RUIZ,

                             **Petitioner,**

vs.                                                    9:18-cv-1129
                                                                  (MAD/CFH)

**SUPERINTENDENT,**

                             **Respondent.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**LUIS RUIZ**
**11-A-5624**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Petitioner *pro se*

**OFFICE OF THE NEW YORK**            **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Petitioner commenced this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254, challenging a 2011 conviction on four counts of first degree criminal use of a firearm, three counts of first degree robbery, three counts of second degree menacing, one count of first degree burglary, one count of first degree attempted robbery, one count of second degree criminal use of a firearm, and one count of petit larceny. *See* Dkt. No. 1. In the process of preparing his January 11, 2022 Report-Recommendation and Order, Magistrate Judge Hummel reviewed the inmate locator section of the New York State Department of Corrections and Community Supervision ("DOCCS") website, which indicates that Petitioner was deceased as of February 1, 2021. *See*

New York State DOCCS, Inmate Population Information, Search for Inmate DIN 11-A-5624, *available at* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited March 23, 2022). Based on this fact, Magistrate Judge Hummel recommended that the Court dismiss the petition as moot.

Having carefully reviewed the applicable law and the January 11, 2022 Report-Recommendation and Order, the Court agrees with Magistrate Judge Hummel that Petitioner's application for habeas relief must be dismissed as moot. Every Circuit that has addressed this situation, including the Second Circuit in an unpublished decision, has held that a habeas petition is mooted by a petitioner's death. *See Bumpus v. Warden, Clinton Correctional Fac.*, 426 Fed. Appx. 21, 22 (2d Cir. 2011); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013); *Bruno v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 445, 445 (11th Cir. 2012); *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996); *McClendon v. Trigg*, 79 F.3d 557, 559 (7th Cir. 1996); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). This conclusion is also in line with dicta from the Supreme Court and the Second Circuit. *See Lockhart v. McCree*, 476 U.S. 162, 168 n.2 (1986) (noting that when a habeas petitioner died prior to the district court's decision, "his case became moot"); *Krantz v. United States*, 224 F.3d 125, 127 (2d Cir. 2000) (noting that the court did "not disagree" with the practice of sister circuits treating a § 2255 petition as moot after the petitioner's death).

The Court is persuaded by these decisions. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* In accordance with this understanding, Petitioner here sought release from custody. However, his death necessarily means that he is no longer "in custody." 28 U.S.C. § 2254(a); *see also id.* §

2

2241(c).  Thus the Court can no longer grant the relief he sought.  *Cf. Calderon v. Moore*, 518 U.S. 149, 150 (1996) (holding that a habeas petition is not moot so long as the court could grant some relief).  The Court concludes that Petitioner's death renders his habeas petition pursuant to Section 2254 moot because he is no longer "in custody" and the Court could not grant him any relief that he sought.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's January 11, 2022 Report-Recommendation and Order (Dkt. No. 40) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Respondent in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 23, 2022
	Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

3